STATE OF MAINE
HANCOCK, ss

SUPERIOR COURT
DOCKET NO. CV-10-27

*KMC - HAN - 1/20/2011*

CHRISTINA M. DARVEAU, p.p.a.
OF DEVIN R. DARVEAU
        Plaintiff

V.

DOWN EAST FAMILY YOUNG MEN'S
CHRISTIAN ASSOCIATION
        Defendant

DECISION AND ORDER

This matter is before the Court on a Motion for Summary Judgment filed by the Defendant with the Court on January 4, 2011, together with a supporting memorandum and statement of material facts. Plaintiff has filed a responsive memorandum together with an opposing statement of material facts. The deposition transcripts of Christina M. Darveau and Peter Farragher have likewise been filed and considered by the Court in deciding this Motion.

Summary judgment is appropriate "if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose

1

between competing versions of the truth at trial." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. A material fact is one having the potential to affect the outcome of the suit. *Bay View Bank v. Highland Golf Mortgages* 202 ME 178 ¶ 9, 814 A.2d 449, 452. In its statement of material facts, a party "must explicitly admit, deny, or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 10, 824 A.2d 48, 52 (quoting *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6 n. 5, 770 A.2d 653, 655). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." *Stanley v. Hancock County Comm'rs*, 204 ME 157, ¶ 13, 864 A.2d 169, 174. In evaluating material facts, the trial court shall consider only those portions of the record referred to in the statement of material facts. *Corey v. Norman, Hanson & Detroy* 1999 ME 196, ¶8, 742 A.2d 933, 938. The trial court must give the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶9, 784 A.2d 18, 21. To withstand "a motion for a summary judgment, the

party opposing the motion must establish a prima facie case for each element of his/her cause of action. If an opposing party does not present sufficient evidence on the essential elements . . . the moving party is entitled to a summary judgment." *Blake v. State*, 2005 ME 32, ¶ 4, 868 A.2d 234, 237 (quotation marks omitted).

## Background

There does not appear to be any dispute as to the material facts. The Ellsworth YMCA owned and operated a Skate Park on its property in Ellsworth open to the public. (Def. Req. to Admit, #2) On August 6, 2007, Devin R. Darveau, then age 7[1], was injured while riding his bicycle at the Skate Park owned by the Down East Family YMCA. (Def. Req. to Admit #8) Neither the Plaintiff nor her family were charged any fees for use of the Skate Part owned by the Down East Family YMCA on August 6, 2007 or at any time prior to that. (Def. Req. to Admit #6). Neither Mr. and Mrs. Darveau nor their children were dues paying members of the Down East Family YMCA in 2007 (Mrs. Darveau's deposition at pg. 25).

In their complaint, Plaintiff and her son allege liability on the part of the defendant on a theory of

---

[1] Christina Darveau's deposition at pg. 15.

negligence and negligent infliction of emotional distress.
Negligence four elements of proof: duty, breach, causation
and damages. *Maddocks v. Whitcomb*, 2006 ME 47, ¶10, 896 .2d
265, 268. The lack of one or more of the elements defeats
the claim for negligence and negligent infliction of
emotional distress.

## Discussion

The thrust of defendant's Motion for Summary Judgment
is that the activities Devin was engaged in, at the time he
suffered his injuries and where he was injured, fall within
the recreational activity statute. It is the defendant's
position that, as a matter of law on these facts, the
defendant owes no duty to Devin Darveau or his mother as
has been alleged based on the language in 14 M.R.S. §159-A.
The recreational activities statute provides in pertinent
part:

"1(A) "Premises" means improved and unimproved lands …or
structures on those lands.
1(B) "Recreational or harvesting activities: means
recreational activities conducted out-of-doors including,
but not limited to, biking.
2. Limited duty. An owner … does not have a duty of care to
keep the premises safe for entry or use by others for
recreational … activities or to give warning of any
hazardous condition, use, structure or activity on the
premises to persons entering for those purposes.
4. Limitations on section. This section does not limit the
liability that would otherwise exist: A. For a willful or
malicious failure to guard or to warn against a dangerous
condition, use, structure or activity.

5. No duty created. Nothing in this section creates a duty of care or ground of liability for injury to a person or property."

In the context of this statute, the submissions of the parties establish as uncontested fact that Skate Park and the structures in it (i.e. ramps, jumps etc.) where this incident happened was owned by defendant Down East Family YMCA. Likewise it is undisputed that Devin was riding a bike when the incident happened resulting in his injuries and that activity is specifically covered by the recreational activity statute. (14 M.R.S. 159-A (1.B.) There is neither an allegation nor facts that support the suggestion that the injury sustained by Devin resulted from a willful or malicious failure to warn or guard against a hazardous condition, use, structure or activity, an exception or limitation within the statute (14 M.R.S.159-A (4.)(A.). Although plaintiff makes reference to subsequent remedial measures (i.e. employees supervising on site and securing the moveable elements of the Skate Park), that evidence is neither material to the allegations of negligence, nor admissible under the Rules of Evidence (Rule 407), nor does it demonstrate willful or malicious failure to warn, falling within the statutory exception.

The recreational activity statute is clear and unambiguous on its face and must be given its plain

5

meaning. *Maddocks v. Whitcomb*, supra at ¶4, *Stanley v. Tilcon Maine, Inc.*, 541 A.2d 951, 952 (Me. 1988) It does not need to be interpreted. By its clear terms "biking" is included in those recreational activities that the statute protects from liability. While plaintiff, through counsel, argues that the recreational activity statute should be interpreted to apply only to activities that take place on non-urban properties, that is a distinction to be drawn by the legislature not the courts. *Stanley v. Tilcon,* supra at 953. The legislature could have imposed a variety of conditions defining when and how the recreational activity statute should be applied, such as private/public/municipal or non-profit/profit ownership. It elected to be inclusive in terms of improved and unimproved lands. Accordingly, this Court interprets this statute broadly to apply to these facts. Likewise, plaintiff through counsel argues that the presence of a liability insurance policy in favor of the defendant, which might benefit the plaintiff, should impact on application of the recreational activity statute. The Court does not view the presence or absence of liability insurance as a material fact impacting on the application of the recreational activities statute.

The Court finds that this Skate Park where Devin Darveau was injured was improved lands with structures

6

covered by the recreational activities statute. It further finds that his activity of biking at the time of his injury was a recreational activity as used by the recreational activity statute.

Accordingly, applying 14 M.R.S. 159-A to these facts the Court concludes as a matter of law that the defendant owed no duty to keep these premises safe or to give warning of any hazardous structure or activity on the property. By application of this statute, there was no duty owed by the defendant to either Devin Darveau or Christina Darveau. Accordingly the defendant is entitled to summary judgment on each count as a matter of law.

Defendant's Motion for Summary Judgment is GRANTED.


Dated: January 20, 2011

Kevin M. Cuddy
Justice, Superior Court

CHRISTINA M DARVEAU AS MOTHER AND FRIEND  - PLAINTIFF OBO
221 TURKEY PATH
BUCKSPORT ME 04416
Attorney for: CHRISTINA M DARVEAU AS MOTHER AND FRIEND
MARVIN GLAZIER  - RETAINED 06/16/2010
VAFIADES BROUNTAS & KOMINSKY
23 WATER STREET
PO BOX 919
BANGOR ME 04402-0919


Attorney for: CHRISTINA M DARVEAU AS MOTHER AND FRIEND
LISA AC LUNN  - RETAINED 06/16/2010
VAFIADES BROUNTAS & KOMINSKY
23 WATER STREET
PO BOX 919
BANGOR ME 04402-0919



DEVIN R DARVEAU  - MINOR PLAINTIFF
vs
DOWNEAST FAMILY YOUNG MEN'S CHRISTIAN ASSN - DEFENDANT

Attorney for: DOWNEAST FAMILY YOUNG MEN'S CHRISTIAN ASSN
PAUL CHAIKEN  - RETAINED 06/16/2010
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401


Filing Document: COMPLAINT
Filing Date: 06/16/2010

SUPERIOR COURT
HANCOCK, ss.
Docket No   ELLSC-CV-2010-00027


**DOCKET RECORD**

Minor Case Type: PROPERTY NEGLIGENCE