STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-11-0267

NICOLE POWERS,

    Plaintiff

    v.

ORDER ON MOTION TO DISMISS

PT SHOWCLUB,

    Defendant

Before the court is the defendant PT Showclub's motion to dismiss all counts of plaintiff Nicole Powers's complaint pursuant to M.R. Civ. P. 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

BACKGROUND

The following facts are taken from the complaint. For three years, the plaintiff worked as a bartender at the defendant's adult entertainment club in Portland, Maine. (Compl. ¶¶ 2, 5.) In August 2009, the club filmed a television commercial. (Id. ¶ 6.) The plaintiff was present when the club filmed the commercial, but she did not wish to appear in the commercial and therefore did not sign a release to allow the club to use her image. (Id. ¶¶ 7, 8.) The club included the plaintiff in a scene. (Id. ¶ 8.) The club told the plaintiff that they would not use her image and would edit her out of the commercial. (Id. ¶ 9.)

The plaintiff viewed a rough draft and saw that the club included her image in the commercial. (Id. ¶ 10.) She went to her manager and told him again that she did not want to be in the commercial. (Id. ¶ 11.) The manager said that he would take care of it, but he did not. (Id. ¶ 12.)

1

The plaintiff then called the district manager, Paul Clement. (Id. ¶ 13.) The plaintiff met with Mr. Clement and told him that she did not want to be in the commercial, and that she did not sign a release. (Id. ¶¶ 14-16.) The plaintiff also told Mr. Clement that "it was illegal to have her in the commercial without her consent . . . ." (Id. ¶ 16.) Mr. Clement had the commercial edited to exclude the plaintiff. (Id. ¶ 17.)

After the plaintiff complained, the club became critical of her work performance, wrote her up for various offenses, and finally terminated her. (Id. ¶ 18.) Therefore, the plaintiff contends that she was terminated in retaliation for complaining about the "illegal" use of her image in the commercial. (Id. ¶ 19.)

The plaintiff filed a two-count complaint and alleges a violation of the Maine Whistleblower Protection Act in count I and invasion of privacy/misappropriation in count II. The defendant's motion to dismiss followed.

DISCUSSION

I.    Standard of Review

"In reviewing a judgment granting a motion to dismiss, we consider the facts in the complaint as if they were admitted." Bonney v. Stephens Mem. Hosp., 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The court will "'examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" Id. (quoting Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830, 832).

II.   Maine Whistleblower Protection Act (MWPA) (Count I)

Section 833 of the MWPA states, in relevant part:

No employer may discharge, threaten or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because . . . [t]he employee, acting in good faith, or a person acting on behalf of the employee, reports orally or in writing to the employer or a public body what the employee has

2

> reasonable cause to believe is a violation of a law or rule adopted under the laws of this State, a political subdivision of this State or the United States . . . .

26 M.R.S.A. § 833(1)(A).

> The MWPA prohibits an employer from taking adverse action against an employee who reports a suspected violation of a law or rule. To succeed on a claim under the MWPA, a plaintiff must demonstrate: (1) that he was engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that a causal nexus exists between the activity and the adverse action. DiCentes v. Michaud, 1998 ME 227, ¶ 14, 719 A.2d 509, 514.

LePage v. Bath Iron Works Corp., 2006 ME 130, ¶ 19, 909 A.2d 629, 635-36. The defendant asserts that the plaintiff's claim under the MWPA fails because complaining about potential tort violations is not a protected activity. (Def.'s Mem. at 4.)

"Under the MWPA, the complained-of conduct need not actually be illegal, but the employee must prove that a reasonable person might have believed that it was." Tripp v. Cole, 425 F.3d 5, 9 (1st Cir. 2005) (emphasis in original) (internal punctuation and citation omitted); see also Gammon v. Crisis & Counseling Ctrs., Inc., 762 F. Supp. 2d 165, 184 (D. Me. 2011) ("[T]o be considered protected activity, the MWPA does not require that the 'reported condition, activity, or practice actually be unsafe or illegal; . . . an employee's reasonable belief that it crosses the line suffices, as long as the complainant communicates that belief to this employer in good faith.'") (quoting Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 261-62 (1st Cir. 1999) (emphasis in original)); Currie v. Indus. Sec., Inc., 2007 ME 12, ¶ 13, 915 A.2d 400, 404 (the court may look to federal case law for guidance on the MWPA).

The MWPA requires that the employee prove "that a reasonable person might have believed that the employer was acting unlawfully." Bard v. Bath Iron Works Corp., 590 A.2d 152, 155 (Me. 1991); see Currie, 2007 ME 12, ¶¶ 15-17, 915 A.2d 400, 405 (finding that the plaintiff had "reasonable cause to believe" that non-citizens were not

3

authorized to work in the United States); Blake v. State, 2005 ME 32, ¶ 6, 868 A.2d 234, 237 (holding that the trial court did not err in concluding that the plaintiff engaged in a protective activity by reporting "comingling of funds," "improper interaction with . . . clients," "failure to report suspected abuse," and "improper conduct by a service provider"); Palesky v. Town of Topsham, 614 A.2d 1307, 1309-10 (Me. 1992) (though finding the claim to be moot, applying the MWPA to a plaintiff who expressed concerns regarding "practices and procedures in the assessor's office that seemed to her to be either illegal or unethical"); but see Furhmann v. Staples, 2010 Me. Super. LEXIS 41, *2 (Me. Super. Apr. 13, 2010) ("The reporting, under that sub-section, of an alleged violation of an internal corporate policy or rule would not provide the plaintiff with protection under the Whistleblowers' Protection Act.")

In this case, the plaintiff alleges that she had "reasonable cause to believe" that the club's use of her image was "a violation of a law or rule adopted under the laws of this State . . . ." 26 M.R.S.A. § 833(1)(A). In her complaint, the plaintiff states that the use of her image in the club's commercial without her consent was illegal. (Compl. ¶ 16.) The plaintiff has alleged sufficient facts to support her claim that she engaged in a protected activity.

The defendant further claims that the complaint fails to state any connection between the inclusion of her image in the commercial and the actions of the defendant-employer. The MWPA limits protection to "(1) employees (2) who report to an employer (3) about a violation (4) committed or practiced by that employer." Costain v. Sunbury Primary Care, P.A., 2008 ME 142, ¶ 8, 954 A.2d 1051, 1054 (emphasis added). "'Employer' means a person who has one or more employees. "Employer" includes an agent of an employer . . . ." 26 M.R.S.A. § 832(2); DiCentes, 1998 ME 227, ¶ 12, 719 A.2d

4

at 514. In her complaint, the plaintiff states that the defendant-club[1] filmed a television commercial and used the plaintiff's image without her consent. (Compl. ¶¶ 2, 6-8, 10, 16.) The plaintiff sufficiently identifies the defendant as the entity that committed an alleged violation.

III.    Invasion of Privacy / Misappropriation (Count II)

"Maine recognizes the tort of invasion of privacy by the appropriation of name or likeness, and has adopted the formulation that appears in the Restatement (Second) of Torts." Simpson v. Central Maine Motors, Inc., 669 A.2d 1324, 1326 (Me. 1996); see also Nelson v. Maine Times, 373 A.2d 1221, 1223-24 (Me. 1977). The Restatement provides that "[o]ne who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy." Restatement (Second) of Torts § 652C (1977). To be liable, the defendant must anticipate that the appropriation would cause mental distress and injury to a person of ordinary sensibilities, Nelson, 373 A.2d at 1224, the appropriation must benefit the defendant, id., and the defendant must be the one responsible for the appropriation, Simpson, 669 A.2d at 1326.

The defendant asserts that the plaintiff fails to allege that the defendant itself was responsible for the content of the commercial. As mentioned above, the allegations in the complaint, viewed in a light most favorable to the plaintiff, identify the defendant as the tort feasor.

The defendant also claims that the plaintiff fails to allege a benefit, if any, the defendant received from the alleged misappropriation of the plaintiff's image. The tort of appropriation is not limited to commercial appropriation. Restatement (Second)

---

[1] The complaint uses the name "Defendant" or "Club" to identify the defendant. (Compl. ¶ 2.)

5

Torts § 652C, cmt. b (1977). "It applies also when the defendant makes use of the plaintiff's name or likeness for his own purposes or benefit, even though the use is not a commercial one and even though the benefit sought to be obtained is not a pecuniary one." Id.

In the complaint, the plaintiff generally alleges that, "[i]n the television commercials, Defendant appropriated for its own use or benefit Plaintiff's likeness." (Compl. ¶ 26.) It is clear from the complaint, however, that the plaintiff's image was not included in the final commercial. (Compl. ¶¶ 10, 17.) "The value of the plaintiff's name is not appropriated by mere mention of it . . . nor is the value of his likeness appropriated when it is published for purposes other than taking advantage of his reputation, prestige, or other value associated with him, for purposes of publicity." Restatement (Second) Torts § 652C, cmt. d (1977). "It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded." Id. Even when viewed in a light most favorable to the plaintiff, she fails to state the benefit the defendant received from using the plaintiff's image in preliminary draft of the commercial.

The entry is

> The Defendants' Motion to Dismiss Count I of the Plaintiff's Complaint is DENIED.
>
> The Defendant's Motion to Dismiss Count II of the Plaintiff's Complaint is GRANTED.

Dated: 8/23/11

Nancy Mills
Justice, Superior Court

6

| Date Filed 06-13-11 | Action CONSTITUTIONAL/ CIVIL RIGHTS | Answer Due Date: 7-5-11 | | Docket No. CV-11-267 ● |
|---|---|---|---|---|

| Scheduling Order Issued: | Discovery Deadline: | Jury ☐ Fee Pd. ☐ Non-Jury ☐ | Statement Filed: Order to File Statement: | Length of Trial: | Rule 16(b) ☐ Rule 16(c) ☐ | Pre Trial Issued: |
|---|---|---|---|---|---|---|

**Plaintiff(s)**

NICOLE POWERS

**Defendant(s)**

PT SHOWCLUB —Served 6-15-11

vs.

**Plaintiff's Attorney(s)**

GUY D LORANGER ESQ

**Defendant's Attorney(s)**

William Knowles, Esq

| Date | Justice | Action and Comments | Est Time | Not Reached | Cont |
|---|---|---|---|---|---|
| 6-20-11 | | no service | | | |
| 6-30-11 | | Motion to Dismiss filed by Def. | | | |