2008 ME 142

**Kimberly COSTAIN**

v.

**SUNBURY PRIMARY CARE, P.A.**

Supreme Judicial Court of Maine.

Argued: April 9, 2008.
Decided: Sept. 9, 2008.

Allan K. Townsend, Esq. (orally), Peter Thompson & Associates, Portland, ME, for Kimberly Costain.

Robert C. Brooks, Esq. (orally), Anna Welch, Esq., Verrill Dana, LLP, Portland, ME, for Sunbury Primary Care, P.A.

John P. Gause, Commission Counsel, Maine Human Rights Commission, Augusta, ME, for amicus curiae Maine Human Rights Commission.

James A. McCormack, Esq., Taylor, McCormack & Frame, LLC, Portland, ME, for amicus curiae New England Legal Foundation.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] Kimberly Costain appeals from the dismissal of her amended complaint by the Superior Court (Penobscot County, *Hjelm*, J.). The complaint alleged that Costain's employment with Sunbury Primary Care, P.A., was terminated in violation of the Whistleblowers' Protection Act (WPA), 26 M.R.S.A. §§ 831–840 (1988 & Supp.2002), and the Maine Human Rights Act (MHRA), 5 M.R.S.A. §§ 4551–4634 (2002 & Supp.2004).[1] Costain argues that her participation in an investigation was a protected action under the WPA and therefore she has a cause of action under the WPA and the MHRA. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Costain alleges that from 2000 to 2002, while she was a patient at Sunbury, she engaged in a personal relationship with her doctor, who was employed at Sunbury at that time. In 2002, a complaint was filed with the Maine Board of Osteopathic Licensure against the doctor. Costain was asked to participate in the Board's investigation, and she did.

[¶ 3] At the time Costain participated in the investigation of the doctor, she was not employed by Sunbury. She began working for Sunbury as a rehabilitation aide in early 2005. Several weeks later, Sunbury terminated Costain's employment after learning that she had participated in the investigation of the doctor. Costain filed a complaint with the Maine Human Rights Commission and received a right-to-sue letter.

[¶ 4] Costain filed a complaint in the Superior Court alleging a violation of the WPA. Sunbury moved to dismiss the complaint, whereupon Costain moved to amend the complaint to include a count alleging a violation of the MHRA. The court granted the motion to amend and dismissed the amended complaint with prejudice. Costain filed this timely appeal. Amicus curiae briefs were filed by the Maine Human Rights Commission and the New England Legal Foundation.

## II. DISCUSSION

 [¶ 5] We review statutory interpretation de novo as a question of law.

---

1. "When a complaint is dismissed as legally insufficient, we review it de novo in the light most favorable to the plaintiff, accepting the material facts it alleges as true, to determine whether the complaint could entitle the plaintiff to relief on some theory." *Bog Lake Co. v. Town of Northfield*, 2008 ME 37, ¶ 6, 942 A.2d 700, 703 (citing *Doe v. Dist. Attorney*, 2007 ME 139, ¶ 20, 932 A.2d 552, 558). Costain asserts that the action for which she seeks protection under the WPA took place sometime in 2002. Based on her assertion, we cite to the version of the WPA that was in effect in 2002. Costain asserts that the adverse employment action took place in March 2005. Based on her assertion, we cite to the version of the MHRA that was in effect in March 2005. Both statutes have since been amended, but not in any way relevant to this case.

*H.D. Goodall Hosp. v. Dep't of Health & Human Servs.*, 2008 ME 105, ¶ 9, 951 A.2d 828, 830. If a statute is ambiguous, we give significant deference to the interpretation given to it by the agency that administers it, but if it is not ambiguous, we interpret it directly. *Whitney v. Wal-Mart Stores, Inc.*, 2006 ME 37, ¶ 22, 895 A.2d 309, 314–15. We interpret a statute to "avoid absurd, illogical, or inconsistent results." *Joyce v. State*, 2008 ME 108, ¶ 14, 951 A.2d 69, 72 (quotation marks omitted). We will "consider the whole statutory scheme for which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved." *FPL Energy Me. Hydro LLC v. Dep't of Envtl. Prot.*, 2007 ME 97, ¶ 12, 926 A.2d 1197, 1201 (quotation marks omitted).

[¶ 6] The MHRA provides a right of action to persons who have been subject to unlawful discrimination, including whistleblowers who have suffered retaliatory discharge or other adverse employment actions. 5 M.R.S.A. §§ 4572(1)(A), 4621 (2002); 26 M.R.S.A. § 833 (1988 & Supp.2002); *Schlear v. Fiber Materials, Inc.*, 574 A.2d 876, 878–79 (Me.1990).[2] There are three elements to a claim of unlawful retaliation: (1) the employee engaged in activity protected by the statute; (2) the employee was the subject of an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. *Blake v. State*, 2005 ME 32, ¶ 5, 868 A.2d 234, 237.

[¶ 7] The sole issue in this case is whether the first element was met by Costain's participation in the investigation of the doctor, *i.e.*, whether the participation was an activity protected by the WPA. For the answer, we need look no further than the unambiguous language of 26 M.R.S.A. § 833(1)(A), (1)(C), and (2) (1988). Subsections (1)(A) and (1)(C) of section 833 define and circumscribe the types of persons and actions that are afforded protection from discrimination:

> **1. Discrimination prohibited.** No employer may discharge, threaten or otherwise discriminate against an employee ... because:
>
> A. The employee, acting in good faith ... reports orally or in writing to the employer or a public body what the employee has reasonable cause to believe is a violation of a law or rule adopted under the laws of this State, a political subdivision of this State or the United States; [or]
>
> . . . .
>
> C. The employee is requested to participate in an investigation, hearing or inquiry held by that public body, or in a court action....

Subsection 833(2) restricts the scope of subsection (1) by requiring the employee to report a violation of law first to a supervisor with the employer and allow the employer a reasonable opportunity to correct the violation. Title 26 M.R.S.A. § 833(2) states:

> Subsection 1 [of the WPA] does not apply to an employee who has reported or caused to be reported a violation ...

---

2. The MHRA refers to the WPA, providing that it is unlawful to discharge an employee for actions that are protected from discrimination under the WPA. The MHRA states: "It is unlawful employment discrimination ... [f]or any employer to ... discriminate against any applicant for employment ... because of previous actions taken by the applicant that

are protected under [the WPA]; or, because of those reasons, to discharge an employee...." 5 M.R.S.A. § 4572(1)(A) (2002). Thus, the term "protected action" derives from the MHRA, but the requirements that must be met for an action to be afforded protection stem from the WPA.

to a public body, unless the employee has first brought the alleged violation ... to the attention of a person having supervisory authority with the employer and has allowed the employer a reasonable opportunity to correct that violation....

Prior notice to an employer is not required if the employee has specific reason to believe that reports to the employer will not result in promptly correcting the violation....

There is an exception, set forth in 26 M.R.S.A. § 833(3) (Supp.2002), to the requirement that the employer be informed, but that exception pertains to reports, pursuant to 22 M.R.S.A. §§ 3477 or 4011–A (1992 & Supp.2002), regarding suspected abuse of children or of adults who are incapacitated or dependent, and is not relevant to this case.

[¶ 8] Subsections (1)(A), (1)(C), and (2) of section 833, when read together, unambiguously limit the protection afforded by the WPA to (1) employees [3] (2) who report to an employer (3) about a violation (4) committed or practiced by that employer.

[¶ 9] Costain's participation in the investigation of the doctor does not fit within these parameters. She did not report her participation to her then employer, nor would she have had any reason to do so. The investigation of the doctor bore no relationship to the employment in which she was engaged at the time of the investigation. There was no violation alleged against her then employer. Her participation in the investigation of the doctor is therefore not a protected action pursuant to the WPA.

[¶ 10] We do not reach any of the parties' other arguments.

The entry is:

Judgment affirmed.

---

3. Whistleblower protection also applies to job applicants pursuant to section 4572(1)(A) of the MHRA, but Costain was not a job applicant at the time of the investigation.