STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-11-326
JAW- CUM- 1/27/2012

JODI SAVAGE,

STATE OF MAINE
Cumberland ss Clerk's Office

JAN 27 2012

RECEIVED

Plaintiff

v.

MAINE PRETRIAL SERVICES,

Defendant

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before the court is the defendant, Maine Pretrial Services, Inc.'s, Motion to Dismiss all claims asserted in the plaintiff's Complaint. The motion has been fully briefed and oral argument was heard on January 3, 2012.

## BACKGROUND

Jody L. Savage ("Plaintiff") was employed by Maine Pretrial Services, Inc. ("Defendant") between June 1, 2009 and June 28, 2010 as a Case Manager for the Family Treatment Drug Court in Androscoggin County. (Compl. ¶ 4.) On or about March 1, 2010, Plaintiff met with her supervisor to discuss her interest in applying for a license to open a registered medical marijuana dispensary under the Maine Medical Use of Marijuana Act, 22 M.R.S. §§ 2421–2430-B (2010) ("MMUMA"). (Compl. ¶ 5.) Several additional meetings and communications regarding the Plaintiff's interest were held following the initial meeting. (Compl. ¶ 6.)

1

The Plaintiff alleges that, beginning on or about April 12, 2010, through the termination of her employment, she was repeatedly criticized and subjected to disciplinary action for, *inter alia*, her work attire and implementation of the comp-time policy, despite not having changed her actions from before April 12, 2010. (Compl. ¶ 7.) She also alleges that at a professional conference in Boston, which she attended between June 1 and June 4, 2010 along with colleagues and supervisors from Maine Pretrial Services, she was "treated rudely" and subject to "gender-based employment discrimination by one of her supervisors." (Compl. ¶¶ 8-9.) On or about June 7, 2010, the Plaintiff reported to her supervisor that she had been subject to gender-based discrimination by another supervisor. (Compl. ¶ 10.) On June 28, 2010, the Defendant terminated the Plaintiff's employment. (Compl. ¶ 11.)

The Plaintiff filed a timely Charge of Discrimination with the Maine Human Rights Commission pursuant to the Maine Human Rights Act, 5 M.R.S. §§ 4551-4634 (2011) ("MHRA"). (Compl. ¶ 12.) On June 3, 2011, the Plaintiff obtained a *Notice of Right to Sue* from the Commission. (Compl. ¶ 13.) She filed the Complaint in this action on July 22, 2011 alleging violations of the MMUMA, the MHRA, the Maine Whistleblower's Protection Act, and asserting claims of intentional and negligent infliction of emotional distress. The Defendant's Motion to Dismiss for failure to state a claim was filed on September 8, 2011. The Plaintiff opposed the motion on October 18, 2011 and the Defendant filed its reply on October 27, 2011.

## DISCUSSION

"A motion to dismiss tests the legal sufficiency of the complaint." *Heber v. Lucerne-in-Maine Village Corp.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066 (quoting

2

*McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)). The court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *McAfee*, 637 A.2d at 465). "For purposes of a 12(b)(6) motion, the material allegations of the complaint must be taken as admitted." *McAfee*, 637 A.2d at 465. "Dismissal is warranted when it appears beyond a doubt that the plaintiff is entitled to no relief under any set of facts that [s]he might prove in support of [her] claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244.

Rule 8 of the Maine Rules of Civil Procedure states that a pleading setting forth a claim for relief must contain (1) a short and plaint statement of the claim showing that the pleader is entitled to relief and (2) a demand for relief. M.R. Civ. P. 8(a). Under this standard of notice pleading, "the purpose of the complaint is to provide defendants with fair notice of the claim against them...." *Bowen v. Eastman*, 645 A.2d 5, 7 (Me. 1994). Recent federal cases have suggested that pleading requires something more than this. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). While notice pleading is the standard in Maine, the plaintiff does need to plead sufficient facts for the court to conclude that relief, under some legal theory, would not be speculative. *Burns v. Architectural Doors & Windows*, 2011 ME 61, ¶17, 19 A.3d 823.

## Count I – Violation of MMUMA

The Plaintiff alleges that the termination of her employment was a violation of the MMUMA because her activities were "authorized conduct" under the statute and disciplinary action or termination because of "authorized

3

conduct" is prohibited. (Compl. ¶¶ 14-23.) The Defendant moves to dismiss this count on the grounds that, while operating or being employed by a registered dispensary may be protected under the statute, the act of applying to become a registered dispensary is not protected. (Def. Mot. Dismiss 3-6.)

The Plaintiff cites to section 2423-E of the statute as providing protection for her actions. This section states that "any person whose conduct is authorized under this chapter may not be...subjected to any penalty...or disciplinary action by a business or occupational or professional licensing board of bureau." 22 M.R.S. § 2423-E. The Defendant has directed the court to section 2428(8-A), which establishes immunity for principal officers, board members, agents or employees of a registered dispensary from disciplinary action for conduct in accordance with this statute, as the applicable law. However, section 2428(8-A) was not enacted until June 24, 2011 and did not go into effect until September 28, 2011.[1] *See* P.L. 2011, ch. 207, § B-32. Thus, this section is inapplicable.

"The fundamental rule in statutory construction is that words must be given their plain meaning and that any statute must be construed as a whole in order to effectuate the legislative intent." *McGillivray v. Royal Ins. Co.,* 675 A.2d 524, 526 (1996) (internal quotations and citations removed). The immunity provision created by section 2423-E applies specifically to "conduct that is authorized under this chapter." The preceding four sections define "authorized conduct" but nothing in those sections state that applying to become a registered dispensary, or even being a registered dispensary, is included in the definition of "authorized conduct." Furthermore, both prior to April 9, 2010 and after

_____

[1] The original act, effective December 23, 2009, contained a similar immunity provision in section 2428(8). *See* I.B. 2009, c. 1, § 5. Section 2428(8) was repealed, effective April 9, 2010. P.L. 2009, c. 631, § 42. Therefore, there was no immunity provision in section 2428 from April 9, 2010 until September 28, 2011.

4

September 28, 2011 actions by a registered dispensary and employees, agents, board members, and principal officers of registered dispensaries were subject to the immunity protections in section 2428. Even though this immunity provision was not in effect at the time of the Plaintiff's termination on June 28, 2010, the fact of its existence shows that the immunity created by section 2423-E was not intended to cover actions by registered dispensaries.

The Plaintiff's reliance on section 2423-E is misplaced as, when the statute is considered as a whole, that provision does not cover the actions of a registered dispensary. Also, even if the court were to consider expanding the protections afforded to registered dispensaries to those people applying to become a registered dispensary, that immunity provision was not in effect at the time of the Plaintiff's termination. The plain language of the MMUMA and the statutory scheme considered compel a conclusion that the legislature did not intent to protect the Plaintiff's actions. The Plaintiff has failed to state a cause of action on which relief may be granted.

Count III – Violation of the Maine Human Rights Act

The Plaintiff alleges that she was subjected to unlawful gender-based discrimination by her supervisor and that this discrimination is a violation of section 4572(1) the MHRA. (Compl. ¶¶ 35-42.)

The Defendant argues that the Plaintiff has not met her pleading burden because she "makes no effort whatever to explain the conduct upon which her claim is based or offer any factual allegations relating to it." (Def. Mot. Dismiss 8.) The Defendant casts the Plaintiff's allegations that she was "treated rudely" and "subjected to gender-based employment discrimination" as "bald assertions

5

and legal conclusions." (Id.) The Plaintiff simply argues that she has met the notice pleading standard. (Pl. Opp. 4.)

It does not appear that the Plaintiff is arguing that she was terminated based on her gender but, rather, that the discrimination that she experienced at the Boston conference was based on her gender. The facts that the Plaintiff pleads (that it was a supervisor who treated her differently than other employees on the basis of gender while at a conference in Boston) contain more than legal conclusions and bald assertions. However, it is not clear that the alleged conduct amounts to a violation of the section 4572(1). The relevant part of that paragraph of the statute states:

> It is unlawful employment discrimination…[to] discriminate with respect to hire, tenure, promotion, transfer, compensation, terms, conditions or privileges of employment or any other matter directly or indirectly related to employment [because of gender]….

5 M.R.S. § 4572(1).

It would be speculation for the court to find that alleged conduct was discrimination as to one of these categories without any additional factual information as to the contours of the alleged discriminatory action. The Complaint fails to meet the requirements of notice pleading because it is not clear that the alleged conduct is in violation of the MHRA. Count III of the Complaint does not state a cause of action. The Plaintiff however will be permitted to amend her complaint.

Count IV – Violation of the Maine Whistleblower Act

The Plaintiff alleges that she reported the instance of gender-based discrimination that occurred at the Boston conference when she returned to work and that "following the making of this report" her employment was terminated. (Compl. ¶¶ 48-49.) The Defendant argues that this count should be dismissed

6

first because there is no private right of action under the Maine Whistleblower Act and second, even if captioned as a claim under the MHRA, because she has not properly alleged a causal relationship between the reporting of the discrimination and the termination of her employment. The Plaintiff acknowledges that there is no private right of action under the Whistleblower Act and that this claim is better captioned as a claim under the MHRA.[2]

The case law makes it clear that the MHRA provides a right of action for persons subject to unlawful discrimination, including whistleblowers. *Costain v. Sunbury Primary Care, P.A.*, 2008 ME 142, ¶ 6, 954 A.2d 1051. To plead a prima facie case, the plaintiff must show that "(1) the employee engaged in activity protected by the statute; (2) the employee was the subject of an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action." *Id.*

The Plaintiff has met this pleading burden. She has alleged that she reported discriminatory conduct. (Compl. ¶ 48.) She has alleged that she was terminated from employment. (Compl. ¶ 49.) And, while she has not stated in the complaint that it was because of the report that she was terminated, her assertion that "following the making of this report" she was terminated, clearly implies a causal relationship. Count IV states a cause of action.

Count VI – Intentional Infliction of Emotional Distress

The Plaintiff alleges that she has suffered emotional distress as a result of the extreme and outrageous intentional conduct by the Defendant. The

---

[2] Contrary to the Defendant's suggestion, it is not necessary to amend the Complaint because the standard under a motion to dismiss is to determine if the Plaintiff has asserted a claim under any legal theory. *See Foss v. Me. Turnpike Auth.*, 309 A.2d 339, 342 (1973) ("our task…is not to test the sufficiency of the labels employed to describe the act complained of, but to determine, based upon the factual allegations, whether or not an interest of plaintiffs has been impaired or injured in such a way as to justify the granting of legal relief").

7

Defendant argues that this count should be dismissed because, whatever its intentional conduct, it is not extreme or outrageous and that the case law reflects that much more severe conduct has not been held to be extreme or outrageous. (Def. Br. 13-14.) The Plaintiff argues that the court should not determine whether she has stated a claim based on the fact-specific holdings of other cases. (Pl. Opp. 5.) As the facts in this case have not been sufficiently developed to make a judgment as to the element of "extreme and outrageous conduct," it is inappropriate to dismiss this claim because the Defendant has not proven that there is no set of facts on which the Plaintiff may be successful. *See Doe v. Clenchy*, 2011 Me. Super LEXIS 70, * 16 (April 1, 2011) ("whether [the defendant's] alleged disclosures meet the 'extreme or outrageous' threshold, necessarily call[s] upon the Court to make findings that are outside the allegations in the Complaint"). Thus, the Plaintiff has stated a cause of action.

At oral argument the court noted that the section 104 of the Workers' Compensation Act, 39-A M.R.S. §§ 101-113 (2011), may bar this type of claim. However, this is an affirmative defense and the facts establishing whether the Defendant is covered by Workers' Compensation Act have not been presented to the court.

Count VII – Negligent Infliction of Emotional Distress

The Plaintiff also asserts a claim for negligent infliction of emotional distress arising from the termination of her employment. To recover on a claim of negligent infliction of emotional distress, the plaintiff must prove (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) severe emotional distress suffered by the plaintiff as a result of the breach of the duty;

8

and (4) that the emotional distress was a reasonably foreseeable consequence of the defendant's negligence. *See Curtis v. Porter*, 2001 ME 158, 784 A.2d 18.

The Defendant argues that this claim should be dismissed because there is no duty for an employer to avoid causing emotional harm to an employee under Maine law. The Plaintiff admits that there is no duty under Maine law between an employer and employee but instead argues that the MMUMA creates a "special relationship" by establishing protections for people lawfully involved in the medical use of marijuana. (Pl. Opp. 5.) As the Defendant points out, the Plaintiff does not cite to any authority to support this novel theory.

The duty to act reasonably to avoid causing emotional harm is a very limited duty. The Law Court has recognized a duty in claims by bystanders who have witnessed physical harm to others and when there is a special relationship in which the plaintiff is extremely vulnerable to mental harm, such as physician/patient, funeral home/family, psychotherapist/patient, attorney/client, and adoption agency/adoptive parents. *See Berry v. Worldwide Language Res.*, 716 F. Supp. 2d 34, 51 (D. Me. 2010) (and cases cited therein). The employer/employee relationship does not evince the same vulnerability as the above relationships and the medical use of marijuana statute does not transform that relationship into one where one of the parties is "extremely vulnerable" to mental harm. *See Gavrilovic v. World Wide Language Res., Inc.*, 2005 U.S. Dist. LEXIS 32134, * 89 (D. Me. Dec. 8, 2005) ("I find no Law Court case inferring a duty, for purposes of [NI]ED, from the existence of a statute.") This claim is does not state a claim for which relief may be granted.

<u>Counts II and V</u>

The Plaintiff has agreed to dismissal of these two counts because the relief requested is not available under Maine law. (Pl. Opp. 1, n.1.)

**The entry is:**

The Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Counts I, II, III, V, and VII are dismissed, leaving counts IV and VI of the Complaint. The Plaintiff is granted leave to amend Count III.

DATE: January 27, 2012

Joyce A. Wheeler
Justice, Superior Court

Plaintiff's Attorney-Lee Bals, Esq.
Defendant's Attorney-Robert Kline, Esq.

10