ENTERED FEB 1 3 2015

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-395
TDW-CUM-02-10-15

DANIEL BOYNTON,

    Plaintiff

v.

                             ORDER

CPM CONSTRUCTORS,

    Defendant

Before the court is a motion to dismiss by defendant CPM Constructors.

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 759 A.2d 217.

In his opposition to CPM's motion to dismiss, plaintiff Daniel Boynton concedes that count III of his complaint, which alleges negligent infliction of emotional distress, should be dismissed. Boynton opposes CPM's motion to dismiss count I of the complaint, which alleges unlawful discrimination (hostile work environment), and count II of the complaint, which alleges unlawful retaliation in violation of the whistleblowers protection act.

STATE OF MAINE
Cumberland, ss, Clerk's Office

FEB 10 2015

RECEIVED

Count I – Unlawful Discrimination

Boynton's claim of unlawful employment discrimination is based on the allegation that he was subjected to a hostile work environment because, on one occasion in August 2012, his foreman approached him in front of his co-workers and publicly berated him for 10 minutes, calling him various derogatory terms including a cross-dressing transsexual, homosexual, and transvestite. Complaint ¶ 14.[1]

CPM contends that Boynton's allegations should be dismissed for three reasons. The first is that Boynton fails to allege that he was a member of a protected class. The second is that Boynton has fallen short of alleging sufficiently severe or pervasive conduct. The third is that Boynton failed to bring his discrimination claim within the statute of limitations.

Under the circumstances of this case, to prevail on a claim of discrimination based on hostile work environment, Boynton must show (1) that he is a member of a protected class; (2) that he was subject to unwelcome harassment; (3) that the harassment was based upon his sexual orientation or perceived sexual orientation; (4) that the harassment was sufficiently severe and pervasive as to alter the conditions of his employment and create a hostile or abusive work environment; (5) that the objectionable conduct to which he was subjected was both objectively and subjectively offensive; and (6) that officials representing the employer knew or had reason to know of Boynton's harassment by his supervisors or co-workers. *See Watt v. Unifirst Corp.*, 2009 ME 47 ¶¶ 22, 25, 969 A.2d 897.

The court agrees with CPM that Boynton has not alleged that he is a member of a protected class. The complaint alleges that Boynton was subjected to a homophobic rant, but the

---

[1] The complaint alleges that this took place in August 2013 but CPM points out, based on subsequent allegations in the complaint and based on Boynton's complaint filed with the Human Rights Commission, that this is a typographical error and should read August 2012. In opposing the motion to dismiss, Boynton does not dispute that the correct date of the alleged incident was August 2012.

2

Human Rights Act does not apply to homophobic statements in the workplace – even if those statements are intended to belittle an individual by labeling him as a homosexual. The statute prohibits discrimination against an individual because of that individual's sexual orientation or perceived sexual orientation. 5 M.R.S. § 4572(1)(A). *See* 5 M.R.S. § 4553(9-C) (sexual orientation includes perceived sexual orientation). Where Boynton's complaint does not allege that he was subjected to homophobic slurs because of his sexual orientation or perceived sexual orientation, Boynton has failed to set forth a necessary element of a cause of action for unlawful employment discrimination.

Since this is an issue which Boynton can remedy by amending his complaint, the court will consider CPM's other grounds for dismissal of count I.

Although Boynton has only alleged one instance of allegedly unlawful harassment and although this may fall short of the kind of severe or pervasive conduct that could support a claim of hostile work environment,[2] a single instance of harassment may be severe enough to create a hostile work environment. *Doyle v. Department of Human Services*, 2003 ME 61 ¶ 23, 824 A.2d 48. This is an issue which cannot be resolved on the pleadings and would not require the dismissal of Count I.

CPM's final argument with respect to Count I is that Boynton's employment discrimination claim is time-barred because his complaint to the Human Rights Commission only asserted a Whistleblowers claim and did not contain a claim of employment discrimination. CPM has annexed Boynton's Human Rights complaint to its motion to dismiss, and the court can consider that document because it is an official public document that is central to claims under the Human Rights Act and that is referred to in Boynton's complaint. *See* Complaint ¶ 4; *Moody*

---

[2] *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (isolated incidents – unless extremely serious – do not amount to discriminatory changes in employment).

3

*v. State Liquor and Lottery Commission*, 2004 ME 20 ¶¶ 9-10, 843 A.2d 43. Boynton has not disputed the authenticity of his Human Rights complaint. *See* 2004 ME 20 ¶ 12.

Under the MHRA, discrimination claims must be brought within two years of the act of alleged discrimination or within 90 days after issuance of a right-to-sue letter by the Human Rights Commission. 5 M.R.S. § 4613(2)(C). In this case the complaint was not filed within two years of the incident which Boynton claims created a hostile work environment, and CPM correctly notes that Boynton's Human Rights complaint only asserts a whistleblowers claim. As a result, CPM argues, Boynton cannot take advantage of the 90-day period after the Commission issued a right to sue letter on Boynton's whistleblower claim to assert a hostile work environment claim.

On this issue the court predicts that the Law Court would adopt the federal "scope of investigation" rule and find that Boynton's hostile work environment claim would have fallen within the scope of the Human Rights Commission investigation. *See Thornton v. United Parcel Service Inc.*, 587 F.3d 27, 31-32 (1st Cir. 2009), *quoting Davis v. Lucent Technologies Inc.*, 251 F.3d 227, 233 (1st Cir. 2001) (discussing "scope of investigation" rule); *Doyle v. Department of Human Services*, 2003 ME 61 ¶ 14 n.7 (appropriate to look to federal precedent in interpreting MHRA). Accordingly, Boynton's employment discrimination claim – if otherwise properly pleaded – would not be time-barred.

Count II – Whistleblower Claim

To prevail on a Whistleblower claim, Boynton must show (1) that he engaged in activity protected by the statute, (2) that he suffered an adverse employment action, and (3) that there was a causal link between the protected activity and the adverse action. *Costain v. Sunbury*

4

*Primary Care, P.A.,* 2008 ME 142 ¶ 6, 954 A.2d 1051. CPM's motion to dismiss challenges whether, on the face of the complaint, there is a sufficient allegation of protected activity under the Whistleblowers Law.

An employee engages in protected activity if, acting in good faith, he reports to the employer what the employee has "reasonable cause" to believe is a violation of Maine or federal law. 26 M.R.S. § 833(1)(A). Boynton alleges that he reported his foreman's homophobic insults to the chief financial officer of CPM and was thereafter subjected to a transfer to a different jobsite and a subsequent layoff.

Boynton alleges that he believed the foreman's behavior was a violation of law. Whether he had reasonable cause for that belief is not an issue that can be resolved on the pleadings. It obviously depends to some extent on whether Boynton believed he was being harassed because of his perceived or actual sexual orientation or whether he simply believed that the foreman's homophobic comments were illegal in and of themselves. The latter would present a closer case, but even that cannot be decided absent a factual record. Accordingly, CPM's motion to dismiss is denied as to Count II.

The entry shall be:

Defendant's motion to dismiss Count I of the complaint is granted with leave to replead within 20 days. If plaintiff does not amend count I of the complaint to remedy the defect identified in this order within 20 days, count I shall be dismissed with prejudice.

Defendant's motion to dismiss Count II of the complaint is denied.

Defendant's motion to dismiss Count III of the complaint is granted without objection.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February 10, 2015

Thomas D. Warren
Justice, Superior Court

CLEF )F COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

VERNE PARADIE ESQ
PARADIE SHERMAN WALKER & WORDEN
11 LISBON STREET SUITE 202
LEWISTON ME 04240

Plaintiff's
Attorneys

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

MARGARET LEPAGE ESQ
PIERCE ATWOOD
254 COMMERCIAL STREET
PORTLAND ME 04101

Defendant's Attorney