May 5, 2020

**Supreme Court**

No. 2019-113-Appeal.
(PC 17-5796)

Michael Crenshaw                    :

v.                    :

State of Rhode Island et al.          :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Michael Crenshaw          :

v.                        :

State of Rhode Island et al.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Robinson, for the Court.**  The plaintiff, Michael Crenshaw, appeals from a January 7, 2019 judgment entered in the Providence County Superior Court in favor of the defendants, the State of Rhode Island and Lieutenant Scott Raynes (State Defendants) and the Community College of Rhode Island (CCRI), the Council on Postsecondary Education, and Captain Timothy Poulin (CCRI Defendants),[1] pursuant to a grant of both the State Defendants' motion to dismiss based on Rule 12(b)(6) of the Superior Court Rules of Civil Procedure and the CCRI Defendants' motion for judgment on the pleadings based on Rule 12(c).  The plaintiff also appeals from a December 21, 2018 order denying his motion to amend his complaint.  This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.  After examining the written and oral submissions of the parties and after a thorough review of the record, we are of the

---

[1]     When appropriate, we shall refer to the State Defendants and the CCRI Defendants collectively as "the defendants."

opinion that cause has not been shown and the appeal may be resolved without further briefing or argument.

For the reasons set forth in this opinion, we affirm the judgment and the order of the Superior Court.

## I

## Facts and Travel[2]

On December 2, 2017, Mr. Crenshaw filed a two-count complaint against the defendants. On January 10, 2018, Mr. Crenshaw filed an Amended Complaint alleging: (1) that the defendants terminated him in violation of G.L. 1956 chapter 50 of title 28, the Rhode Island Whistleblowers' Protection Act (the Act); and (2) that Lieutenant Raynes and Captain Poulin violated 42 U.S.C. § 1983 when they "took action against the Plaintiff to prevent him from being continuously employed by the Defendant due to his participation in a lawsuit with the Town of Southborough [Massachusetts] and its police department which was a matter of public concern." We glean the following facts from Mr. Crenshaw's Amended Complaint.

On November 17, 2013, Mr. Crenshaw was hired as a college police officer at CCRI. Prior to being hired by CCRI, Mr. Crenshaw had been employed as a police officer with the Southborough Police Department. According to his Amended Complaint, while employed by the Southborough Police Department, he "reported misconduct and criminal activity involving his fellow officers and as well as violations of departmental rules and regulations." He was subsequently removed from his position as a police officer in Southborough and later commenced

---

[2]    This Court previously confronted this general factual scenario in *Community College of Rhode Island v. CCRI Educational Support Professional Association/NEARI*, 184 A.3d 220 (R.I. 2018), in which we affirmed a Superior Court decision vacating an arbitration award that had ordered CCRI to reinstate Mr. Crenshaw to his previous position and compensate him for lost time.

an action against that police department in the United States District Court for the District of Massachusetts.

Mr. Crenshaw alleged in his Amended Complaint in the instant case that he "frankly, and repeatedly told the Defendants" about his whistleblower activity concerning the Southborough Police Department as well as his federal court lawsuit. Based on the record before us, it is clear that, during his employment with CCRI, Mr. Crenshaw submitted an application to the Rhode Island Municipal Police Training Academy (the Training Academy), in which he sought to obtain a waiver from the job requirement that he complete the Training Academy curriculum. Captain Poulin, a police officer at CCRI, also submitted information in support of Mr. Crenshaw's request for a waiver. Mr. Crenshaw has alleged that the information submitted by Captain Poulin included documents from the Southborough Police Department that were purportedly false.

In response to Mr. Crenshaw's waiver request, Lieutenant Raynes, the then-Executive Director of the Training Academy, sent a letter to CCRI setting forth some concerns that the Training Academy had noted with respect to Mr. Crenshaw's waiver request. On November 5, 2014, Captain Poulin met with Mr. Crenshaw and discussed with him the concerns raised in the letter from Lieutenant Raynes. According to Mr. Crenshaw's Amended Complaint, CCRI terminated his employment "on December 5, 2014 because he was allegedly denied a waiver to attending the police academy by Lt. Scott Raynes."

Mr. Crenshaw further alleged that, prior to his termination, he requested a copy of the information which Captain Poulin had submitted in support of the waiver request, but he was not supplied with said information until January 25, 2015. Additionally, according to the Amended Complaint, on January 10, 2017, Lieutenant Raynes sent Mr. Crenshaw a letter admitting that he

- 3 -

had previously provided CCRI with a fraudulent document, which CCRI relied upon in its decision to terminate Mr. Crenshaw.

On March 7, 2018, the State Defendants filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6). In a bench decision rendered on June 29, 2018, the hearing justice granted the State Defendants' motion to dismiss only as to Count One of the Amended Complaint. The hearing justice held that Mr. Crenshaw failed to state a claim under the Act because that Act "refers to a current employee reporting a current employer for a current violation of the local, federal, or state law." On July 26, 2018, an order entered reflecting the hearing justice's decision and also indicating that Mr. Crenshaw had voluntarily dismissed Count Two as to the State Defendants.[3]

On June 14, 2018, prior to the hearing on the State Defendants' motion to dismiss, Mr. Crenshaw had filed a motion to further amend his complaint. Specifically, Mr. Crenshaw sought to amend Count Two of the Amended Complaint to allege that the defendants violated 42 U.S.C. § 1983 by taking action "to prevent him from being continuously employed by the Defendant due to his whistleblowing activity * * *." On November 29, 2018, the hearing justice conducted a hearing on Mr. Crenshaw's motion to amend. After hearing the arguments of counsel, the hearing justice denied Mr. Crenshaw's motion to amend, holding "that the proposed second amended complaint is time barred and, therefore, futile." An order entered reflecting that ruling on December 21, 2018.

---

[3] The record indicates that Mr. Crenshaw opted not to pursue Count Two of his Amended Complaint because the lawsuit against the Southborough Police Department, which he alleged was the basis of his termination from CCRI, was not filed until *after* his termination on December 5, 2015.

On December 4, 2018, the CCRI Defendants, invoking Rule 12(b)(6), had filed a motion to dismiss the Amended Complaint as it pertained to them. The CCRI Defendants contended that the hearing justice should grant their Rule 12(b)(6) motion on the same basis as she had relied upon in granting the State Defendants' motion to dismiss. On January 2, 2019, the hearing justice conducted a hearing, during which she converted the CCRI Defendants' Rule 12(b)(6) motion to dismiss into a motion for judgment on the pleadings pursuant to Rule 12(c) in light of the fact that the CCRI Defendants had filed an answer to the Amended Complaint. Following the same reasoning as articulated in her previously rendered bench decision relating to the State Defendants, the hearing justice granted the CCRI Defendants' Rule 12(c) motion as to Count One of the Amended Complaint. She also granted the CCRI Defendants' motion as to Count Two. Thereafter, judgment entered in favor of the defendants on January 7, 2019, and Mr. Crenshaw timely appealed. On appeal, Mr. Crenshaw argues that the hearing justice erred in: (1) dismissing his claim under the Act as to both the State Defendants and the CCRI Defendants; and (2) denying his motion to amend his complaint.

## II

## Standard of Review

This Court reviews a hearing justice's decision to grant a motion to dismiss pursuant to Rule 12(b)(6) by applying "the same standard as the hearing justice." *Ho-Rath v. Rhode Island Hospital*, 115 A.3d 938, 942 (R.I. 2015) (internal quotation marks omitted). Accordingly, "[s]uch a motion is properly granted when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." *Goodrow v. Bank of America, N.A.*, 184 A.3d 1121, 1125 (R.I. 2018) (internal quotation marks omitted). In applying this standard, "[w]e will assume[] the allegations

contained in the complaint to be true and view [] the facts in the light most favorable to the plaintiff[].” *Id.* (internal quotation marks omitted). Also, our review of the granting of a Rule 12(c) motion is governed by the principle that “[a] Rule 12(c) motion is tantamount to a Rule 12(b)(6) motion, and the same test is applicable to both * * *.” *Chase v. Nationwide Mutual Fire Insurance Company*, 160 A.3d 970, 973 (R.I. 2017) (internal quotation marks omitted).

With respect to a hearing justice’s decision to grant or deny a motion to amend a complaint, “we afford great deference to the trial justice’s ruling * * *.” *Harodite Industries, Inc. v. Warren Electric Corporation*, 24 A.3d 514, 529 (R.I. 2011) (internal quotation marks omitted). As such, “we will not disturb [the] ruling unless the hearing justice committed an abuse of discretion.” *Id.* (internal quotation marks omitted).

### III

### Analysis

### A

### The Motions to Dismiss

The issue of whether the protections of the Act extend to an employee who, while employed by a previous employer which has no nexus to the defendant employer in the present action, reported illegal conduct allegedly committed by that previous employer is one of first impression for this Court.

It is well established that we review “questions of statutory interpretation *de novo*.” *Epic Enterprises LLC v. Bard Group, LLC*, 186 A.3d 587, 589 (R.I. 2018) (internal quotation marks omitted). And, “when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings.” *Alessi v. Bowen Court Condominium*, 44 A.3d 736, 740 (R.I. 2012) (internal quotation marks

omitted); *see also Little v. Conflict of Interest Commission*, 121 R.I. 232, 237, 397 A.2d 884, 887 (1979) ("It is a primary canon of statutory construction that statutory intent is to be found in the words of a statute, if they are free from ambiguity and express a reasonable meaning."). However, when faced with an ambiguous statute, "it is incumbent upon us to 'apply the rules of statutory construction and examine the statute in its entirety to determine the intent and purpose of the Legislature.'" *Powers v. Warwick Public Schools*, 204 A.3d 1078, 1086 (R.I. 2019) (quoting *State v. Diamante*, 83 A.3d 546, 548 (R.I. 2014)).

Mr. Crenshaw contends that, in dismissing his claim under the Act, the hearing justice construed § 28-50-3 too narrowly. Specifically, he argues that nothing in the statute requires that, in order to qualify as protected whistleblowing activity, the report of illegal activity must be made about the activities of the particular employer relative to which the Act's protection is sought. In response, the State Defendants argue that the hearing justice did not err because, they contend, "[t]he clear and unambiguous language of the statute does not extend protection to an employee who previously 'reported' the misconduct of a past employer." Similarly, the CCRI Defendants argue that the Act "cannot extend to activities which occurred while at a previous employer."

Mr. Crenshaw asserts that he engaged in protected activity as described in § 28-50-3(1) and (3) when he reported violations of law allegedly committed by the Southborough Police Department. Accordingly, we will focus our analysis on those two statutory provisions.

Section 28-50-3 provides:

> "An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment:
>
> > "(1) Because the employee, or a person acting on behalf of the employee, reports or is about to report to a public body, verbally or in writing, a violation which the employee knows

or reasonably believes has occurred or is about to occur, of a law or regulation or rule promulgated under the law of this state, a political subdivision of this state, or the United States * * * or

" * * *

"(3) Because an employee refuses to violate or assist in violating federal, state or local law, rule or regulation, or

" * * *."

While § 28-50-3 clearly provides protection to an employee who reports a violation of certain laws (and regulations or rules) to a public body or refuses to participate in such a violation, it does not precisely indicate the identity of the employer named as the subject of such a report. Therefore, as we are faced with this statutory silence and consequent ambiguity, we will look to the principles of statutory construction in order to ascertain the intent of the General Assembly in this regard. *See Powers*, 204 A.3d at 1086.[4] Accordingly, we will seek to exegete the language of the statute while examining public policy considerations that underlie whistleblowers' protection statutes such as the Act in order to ascertain the intent and purpose of § 28-50-3 as enacted by the General Assembly. *Tanner v. Town Council of Town of East Greenwich*, 880 A.2d 784, 796 (R.I. 2005) ("[O]ur purpose is to determine and effectuate the Legislature's intent and [] attribute to the enactment the meaning most consistent with its policies or obvious purposes.") (internal quotation marks omitted).

---

[4] We are of one mind with the following observation by the United States Court of Appeals for the First Circuit made when called upon to interpret § 28-50-3:

> "Our task is complicated by the lack of guideposts. There is no relevant legislative history indicating the intent of Rhode Island lawmakers concerning the interpretation of these terms. Furthermore, Rhode Island courts have not directly interpreted 'report' * * * under the statute." *Marques v. Fitzgerald*, 99 F.3d 1, 4 (1st Cir. 1996).

We first note that the language of § 28-50-3 defining an employee's protected activity employs the present tense. For example, § 28-50-3(1) provides that an employer may not discriminate against an employee "[b]ecause the employee * * * *reports or is about to report*" a violation of law. (Emphasis added.) Similarly, § 28-50-3(3) provides that an employer may not discriminate "[b]ecause an employee *refuses* to violate or assist in violating federal, state or local law, rule or regulation * * *." (Emphasis added.) In our view, the General Assembly's deliberate choice to speak in the present tense rather than the past tense is indicative of a legislative intent to protect activity that occurs while the employee is in the employ of his or her present employer or his or her immediately preceding employer.

Moreover, it is noteworthy that "[s]everal states have enacted whistleblower protection statutes to shield employees from retaliation." *What Constitutes Activity of Public or State Employee Protected Under State Whistleblower Protection Statute Covering Employee's "Report," "Disclosure," "Notification," or the Like of Wrongdoing—Nature of Activity Reported*, 37 A.L.R. 6th 137 (2008). "Laws protecting whistleblowers are meant to encourage employees to report illegal practices without fear of reprisal by their employers. * * * [Such provisions] encourage[] employees to report suspected wrongdoing to the proper authorities in order to expose the wrongdoing, to prevent further wrongdoing, and to aid in the investigation and prosecution of the wrongdoers." 82 Am. Jur. 2d *Wrongful Discharge* § 112 (Feb. 2020 Update). Thus, allowing an employee to obtain protection from a current employer for having reported the allegedly illegal activity of a previous employer with which the current employer has no *de facto* or *de june* involvement would not further such purposes. For example, in Mr. Crenshaw's case, the defendants had no motive to retaliate against him for whistleblowing, as he did not report any illegal activity committed by said defendants or by any entity with which they had any nexus.

Additionally, the defendants would clearly be unable to prevent further (hypothetical) wrongdoing by the Southborough Police Department, which is obviously an entity that is entirely unrelated to CCRI.

It is further instructive to consider how similar whistleblower statutes have been construed in other jurisdictions. For example, the Supreme Judicial Court of Maine has held that "[the relevant statutory provisions of Maine's Whistleblowers' Protection Act], when read together, unambiguously limit the protection afforded by the [statute] to (1) employees (2) who report to an employer (3) about a violation (4) committed or practiced *by that employer*."[5] *Costain v. Sunbury Primary Care, P.A.*, 954 A.2d 1051, 1054 (Me. 2008) (emphasis added) (footnote omitted). In *Costain*, the court addressed whether Maine's Whistleblowers' Protection Act extended protection to an employee who, prior to her employment with the defendant, participated in an investigation of a doctor who had been employed by the defendant at the time of the investigation. *Id.* at 1052. The court concluded that the statute did not provide such protection. *Id.* at 1054. This conclusion is consistent with the purpose of Rhode Island's Whistleblowers' Protection Act—namely, to encourage employees to report violations of law in the workplace and to prevent employers from retaliating against employees who choose to do so.

Similarly to the plaintiff in *Costain*, Mr. Crenshaw is seeking protection based on activity that occurred prior to his employment with CCRI. It is our view that there is even less reason to extend the protections of Rhode Island's Whistleblowers' Protection Act to Mr. Crenshaw's activity in Southborough than there was to the plaintiff's activity in *Costain* because, unlike the

---

[5] We are aware that Maine's Whistleblowers' Protection Act differs slightly from Rhode Island's Whistleblowers' Protection Act in that it requires an employee to report a violation to a supervisor prior to reporting it to a public body, except in very limited circumstances. *See* 26 M.R.S.A. § 833. However, this difference in the statutes is irrelevant for our purposes.

plaintiff in *Costain*, Mr. Crenshaw's report of allegedly illegal activity involved an entity completely separate from the entities that are the defendants in the instant case. As both the State Defendants and the CCRI Defendants point out, if we were to interpret the Act in the manner that Mr. Crenshaw suggests, any employee who reports unlawful activity about an employer would have a potential claim under the Act against all future employers who become aware of the past report, regardless of whether or not the later-in-time employer has any connection to the employer to which the report actually pertained. Based on the language and purpose of the Act, we conclude that the protections of the Act are limited to activities that occurred while the employee was still employed by the defendant employer or one in close nexus with it.

Mr. Crenshaw relies primarily on a case from an intermediate appellate court in another jurisdiction—namely, the Court of Appeals of Michigan. That court held that "[t]here is absolutely nothing, express or implied, in the plain wording of [Michigan's Whistleblowers' Protection Act] that limits its applicability to violations of law *by the employer* or to investigations *involving the employer*." *Kimmelman v. Heather Downs Management Ltd.*, 753 N.W.2d 265, 269 (Mich. Ct. App. 2008) (emphasis in original). However, that case is distinguishable from the instant case, and we decline to adopt its reasoning. In *Kimmelman*, the plaintiff's complaint alleged that he was terminated because, while he was employed by the defendant, he participated in a criminal investigation into a sexual assault committed by one of the defendant corporation's co-owners. *Id.* at 267-68. The intermediate appellate court in that case held that the plaintiff's activities were protected under Michigan's Whistleblowers' Protection Act because nothing in the statute required that "the criminal investigation had any connection to his employer or to his employment." *Id.* at 270. In the case at bar, the activity that Mr. Crenshaw contends is protected under Rhode Island's Whistleblowers' Protection Act occurred prior to his employment with CCRI and, more

importantly, involved the Southborough Police Department—an entity that indisputably has no nexus to CCRI whatsoever. Although, as is the case here, the protected activity in *Kimmelman* was not related to the plaintiff's employment with the defendant, the illegal activity involved an owner of the defendant, a person who clearly had control over the activities of the employer.

In sum, we hold that the hearing justice correctly concluded that Mr. Crenshaw failed to state a valid claim under the Act because the actions alleged in his Amended Complaint do not qualify as protected activity under § 28-50-3. Specifically, Mr. Crenshaw's activity is not protected under the Act because the activity occurred while Mr. Crenshaw was not employed by the defendants and involved violations of law allegedly committed by a previous employer—an entity that has no nexus with his employment at CCRI.

**B**

**Motion to Amend**

Mr. Crenshaw also argues that the hearing justice erred in denying his motion to amend his complaint because, in his view, she incorrectly concluded that his claim under 42 U.S.C. § 1983 is barred by the statute of limitations. Specifically, Mr. Crenshaw argues that his claim relates back to his original complaint filed on December 2, 2017 and that the statute of limitations should be tolled under the discovery rule. In Mr. Crenshaw's view, the statute of limitations did not begin to accrue until January 25, 2015 as to Captain Poulin and January 10, 2017 as to Lieutenant Raynes because he could not have known of these defendants' purported wrongdoing until those dates.

"The question of whether a statute of limitations has run against a plaintiff[']s claim is * * * a question of law, which this Court reviews *de novo*." *Ho-Rath*, 115 A.3d at 942-43 (internal quotation marks omitted). The parties agree that the applicable statute of limitations as to Mr. Crenshaw's claim under 42 U.S.C. § 1983 is three years. Additionally, at oral argument, Mr.

Crenshaw's counsel conceded that, if the discovery rule does not apply, Mr. Crenshaw's claim is time-barred because, at the meeting with Captain Poulin on November 5, 2014, he learned that his waiver request to the Training Academy had been denied. Thus, the only issue before us is whether or not the discovery rule applies.

The general rule is that "a cause of action accrues and the applicable statute of limitations begins to run at the time of the injury to the aggrieved party." *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 600 (R.I. 2019) (internal quotation marks omitted). However, in certain, very limited circumstances, "when the fact of the injury is unknown to the plaintiff when it occurs, the applicable statute of limitations will be tolled and will not begin to run until, in the exercise of reasonable diligence, the plaintiff should have discovered the injury or some injury-causing wrongful conduct." *Id.* (internal quotation marks omitted). It is our view that the instant case does not constitute one of those limited circumstances.

Even if Mr. Crenshaw did not definitively find out about the conduct which he alleged was wrongful until, at the latest, January 10, 2017, he was aware of the alleged injury on November 5, 2014, when he was informed that the Training Academy had denied his waiver request. Therefore, we hold that the discovery rule is not applicable to this case and, even if it were to apply, it would not save Mr. Crenshaw's claim. *See id.* (holding that the discovery rule did not apply to the plaintiff's claims because the "plaintiff knew of his alleged injury underlying his * * * claims at the time he was arrested"). Moreover, based on his Amended Complaint, Mr. Crenshaw was at least aware of a potential claim against the defendants as he alleged that, "[p]rior to his termination, [he] requested a copy of his personnel file from Defendant CCRI and all of the information that was submitted in support of his waiver." *See Behroozi v. Kirshenbaum*, 128 A.3d 869, 873 (R.I.

2016) (holding that the plaintiff was at least aware of a potential malpractice claim because she "continuously questioned [the attorney] about the adequacy of his representation").

Because we agree with the hearing justice that Mr. Crenshaw's claim under 42 U.S.C. § 1983 is barred by the statute of limitations, it follows that she did not abuse her discretion in denying his motion to amend his complaint as futile.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment and the order of the Superior Court. The record may be returned to that tribunal.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPREME COURT – CLERK'S OFFICE

OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Michael Crenshaw v. State of Rhode Island et al. |
| **Case Number** | No. 2019-113-Appeal. (PC 17-5796) |
| **Date Opinion Filed** | May 5, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Sonya L. Deyoe, Esq. |
| | For Defendants:<br><br>Jeffrey S. Michaelson, Esq.<br><br>Mariana E. Ormonde<br>Department of Attorney General |